UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RAYMUNDO AGUILAR-SANCHEZ, ) <br> ) <br> Movant, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) | Case No. 4:04-CV-00424 JCH |

## MEMORANDUM AND ORDER

This matter arises on Movant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 ("§ 2255 Motion"), filed April 9, 2004. (Doc. No. 1). The matter is fully briefed and ready for disposition.

## BACKGROUND

Movant, Raymundo Aguilar-Sanchez ("Movant"), was charged by indictment with one count of conspiring to distribute and possess with intent to distribute heroin in violation of Title 21, United States Code, Sections 841(a)(1) and 846. (4:01-cr-00450 UNA, Doc. No. 62). On January 8, 2003, Movant entered a guilty plea to Count I of the indictment. (4:01-cr-00450 UNA, Doc. No. 402). On March 28, 2003, the Court sentenced Movant to 156 months imprisonment, followed by five years supervised release. (4:01-cr-00450 UNA, Doc. No. 447). Movant failed to file a direct appeal.

As stated above, Movant filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 on April 9, 2004 (Doc. No. 1) and amended it on September 24, 2004 (Doc. No. 5). In his § 2255 Motion, Movant presents the following grounds for relief:

1.  Movant was denied ineffective assistance of counsel, in violation of the Sixth

1

> Amendment, in that his counsel failed to properly advise him and this resulted in a guilty plea that was not knowingly and voluntarily made;

2. Movant was denied ineffective assistance of counsel in violation of the Sixth Amendment in that his counsel failed to file a notice of appeal;

3. Movant's rights under the Fourth Amendment were violated, as the evidence obtained from wiretaps was unconstitutional;

4. His sentence violates his Sixth Amendment rights under United States v. Booker, 543 U.S. 220 (2005).[1]

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354 (1994).

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (quoting 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing

---

[1] Movant cites Blakely v. Washington, 542 U.S. 296 (2004) in his motion. The Court will construe it as a Booker claim. Booker extended Blakely's holding to cover the Federal Sentencing Guidelines.

2

if the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043.

## **PROCEDURAL DEFAULT**

Movant did not pursue a direct appeal to the Eighth Circuit and therefore did not raise any of the current claims on direct appeal. If a claim could have been raised on direct appeal, but was not, it cannot be raised in a § 2255 motion unless Movant can show both (1) a "cause" that excuses the default, and (2) "actual prejudice" resulting from the errors of which he complains. See United States v. Frady, 456 U.S. 152, 168 (1982); Mathews v. United States, 114 F.3d 112, 113 (8th Cir. 1997); Schneider v. United States, 981 U.S. 989, 990 (8th Cir. 1992). If Movant is unable to show "cause" and "actual prejudice," he must make a "substantial claim that constitutional error has caused the conviction of an innocent person. . . ." Schlup v. Delo, 513 U.S. 298, 321 (1995). A claim of actual innocence must be based on "new evidence," and must convince the court that "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup, 513 U.S. at 327 (1995). See also, Embrey v. Hershberger, 131 F.3d 739, 741 (8th Cir. 1997) (applying Schlup actual innocence standard in the context of a § 2255 motion). Movant has not shown cause and actual prejudice to excuse his failure to raise Ground Three on direct appeal. See Frady, 456 U.S. at 168. Moreover, Movant has not presented new evidence tending to establish that he is actually innocent of the crimes for which he pled guilty and was sentenced. See Schlup, 513 U.S. at 327. Accordingly, Ground Three is procedurally barred.

With respect to Movant's claims for ineffective assistance of counsel, although Movant did not raise this claim on direct appeal, it is not subject to procedural default because it could not have been raised on direct appeal. An ineffective assistance of trial counsel claim is "usually not cognizable

3

on direct appeal 'because facts outside the record generally need to be developed to resolve the claim.'" United States v. Jones, 121 F.3d 369, 370 (8th Cir. 1997) (quoting United States v. Hawkins, 78 F.3d 348, 351 (8th Cir. 1996)).  Thus, it is well-settled that an ineffective assistance of counsel claim is not cognizable on direct appeal if the issue has not been previously examined by the trial court.  See e.g., Jones, 121 F.3d at 370 (citing United States v. Holy Bear, 624 F.2d 853, 856 (8th Cir. 1980)); United States v. Williams, 897 F.2d 1430, 1434 (8th Cir. 1990) ("Ordinarily we do not consider ineffective assistance of counsel arguments in direct appeals"); United States v. Long, 857 F.2d 436, 448 (8th Cir. 1988) (Bowman, J., concurring) ("It is both inappropriate and unwise for an appellate court to consider on appeal issues that the trial court has not had an opportunity to consider and with respect to which a record has not been developed").  Because this Court did not examine Movant's ineffective assistance of counsel claim in any trial or post-trial proceeding, the claim was not cognizable on direct appeal.  Therefore, Movant's ineffective assistance of counsel claim is not procedurally barred, and may be decided by the Court in this § 2255 motion.

## DISCUSSION

**I.** *Booker* **Claim**

In Ground Four, Movant argues that his sentence violated Booker. When the Supreme Court announces a new procedural rule, such as Booker, it applies to all criminal cases still pending on direct review, but only applies to convictions that are already final in limited circumstances. Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005). New procedural rules generally do not apply retroactively unless the rule is of "watershed" magnitude implicating the "fundamental fairness and accuracy of the criminal proceeding." Schriro v. Summerlin, 542 U.S. 348 (2004). The Eighth Circuit holds that the Booker rule does not benefit a movant on collateral review if movant's

4

conviction became final before the rule was announced.[2] See Lefkowitz v. United States, 446 F.3d 788, 791 (8th Cir. 2006); United States v. Hernandez, 436 F.3d 851, 855 (8th Cir. 2006) (holding Blakely and Booker are not retroactive); Never Misses A Shot, 413 F.3d at 783-784 (collecting authority from other circuits). Movant's judgment became final before either Blakely or Booker was decided by the Supreme Court. Thus, Movant cannot bring a claim based on these rules. Ground Four will be denied.

## II. Ineffective Assistance of Counsel

### A. Standard for Ineffective Assistance of Counsel

In order to prevail on a claim of ineffective assistance of counsel, Movant must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a guilty plea, to demonstrate prejudice Movant must show that,

---

[2] The Supreme Court recently granted certiorari to determine whether Blakely applied retroactively on collateral review. See Burton v. Stewart, 549 U.S --- (No. 05-9222 Jan. 9, 2007). The Court, however, did not answer this question because petitioner failed to comply with 28 U.S.C. § 2244(b).

but for counsel's error, he would not have pled guilty, but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

With these standards in mind, the Court turns to a discussion of Movant's claims of ineffective assistance of counsel.

**B.** **Ground One**

Ground One alleges ineffective assistance because his counsel failed to properly advise him and as a result, his guilty plea was not knowingly and voluntarily made. Movant contends that his counsel was uninterested in his case, hardly met with him, admitted that he was unprepared, and filed a motion to withdraw on the eve of trial.[3] (Doc. No. 1, pg. 15-20). Furthermore, he alleges that his counsel told him that his right to appeal would be preserved if he pleaded guilty. (Id. at pg. 20).

During his plea hearing, Movant claimed that his attorney did "very little" to help him. (Reponse, Doc. No. 7 Attached Plea Hearing Transcript at pg. 4). In response to this claim, Movant's attorney gave the Court an overview of his representation.[4] (Plea Hearing Transcript pg. 5). Movant's counsel stated that he discussed the indictment with his client and that his client understood the charges. (Id. at pg. 4). Movant's counsel also stated that he met with his client in jail on at least one occasion to discuss the facts of his case and the factual allegations against him. (Id. at pg. 5). Movant admitted that these conversations occurred. Movant's counsel stated that also forwarded Movant

---

[3]Movant's counsel admitted that his client filed a civil suit alleging malpractice only two weeks before the trial date and that his client's desire for a new attorney prompted him to file a motion to withdraw on January 6, 2003, two days before the trial was set to commence. (Plea Hearing Transcript, pg. 9-11).

[4]Government also offers an affidavit of Movant's counsel stating these facts. (Response, Doc. No. 7, Bolourtchi Aff.).

6

discovery in the case, talked with him on the phone on numerous occasions, and advised him of his rights. (Id. at pg. 6-9). Movant summarily asserted that his counsel's statements were false.(Id.).

When asked about the plea agreement, Movant conceded that he discussed it with his counsel and his co-defendants. (Id. at pg. 12). Movant told the Court that he entered this agreement of his own free will and that he understood it waived his right to an appeal. (Id. at pg. 12-14). At one point, Movant even stated that he was "pleased" with his counsel for bringing up points that he had forgotten about. (Id. at pg. 16). Upon consideration, the Court finds Movant's counsel did not act in a professionally incompetent manner and that no evidence exists showing that Movant would have gone to trial but for his counsel's errors. Rather, Movant's attorney took the case to trial, and Movant made the decision, along with his co-defendants, to accept a plea agreement. Ground One is therefore denied.

  **B.**  **Ground Two**

Ground Two alleges ineffective assistance of counsel because Movant's counsel failed to file a notice of appeal, despite instructions to do so. Movant attaches an unsworn affidavit attesting to this fact in his § 2255 Motion. Movant's counsel, in an affidavit attached to the Government's Response, swears that Movant never asked him to file an appeal.

The Eighth Circuit holds an attorney's failure to file a notice of appeal after being instructed to do by his client constitutes ineffective assistance entitling petitioner to § 2255 relief. Evans v. United States, No. 1:05CV00099 ERW, 2006 WL 1300672 at *5 (E.D. Mo. May 7, 2006). No inquiry into prejudice or the likely success is necessary. See Holloway v. United States, 960 F.2d 1356-57 (8th Cir. 1992). The appropriate remedy is to remand for resentencing, thus affording movant an opportunity to take a timely direct appeal. Barger v. United States, 204 F.3d 1180, 1182

(8th Cir. 2000).

For such a claim to succeed, Movant must show that he instructed his counsel to file an appeal. Holloway, 960 F.2d at 1357. It is well-established that, for an indigent defendant, the "right to counsel for appeal does not depend upon a request, but the desire to appeal must be manifest." Barger, 204 F.3d at 1182 (citing Maness v. Swenson, 385 F.2d 943, 945 (8th Cir. 1967)). A bare assertion by movant that he made the request "is not by itself sufficient to support a grant of relief, if evidence that the fact-finder finds to be more credible indicates the contrary position." Rodriguez v. United States, 964 F.2d 840, 842 (8th Cir. 1992).

Given the conflicting claims of Movant and his counsel,[5] the Court finds that it must hold an evidentiary hearing on Ground Two to determine if Movant requested his counsel file a notice of appeal.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED** in part. Ground One, Ground Three, and Ground Four are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court will hold an evidentiary hearing on **Monday, March 5, 2007** to determine the facts relating to the alleged failure to file a notice of appeal on the

---

[5]If documentation existed that supported counsel's affidavit, or showed that counsel had discussed an appeal with movant and movant did not expressly instruct counsel to appeal, see United States v. Arvizu, 270 F.3d 605 (8th Cir. 2001), the Court would find that an evidentiary hearing was unnecessary. See United States v. Jackson, No. 8:04CR127, 2006 WL 2792702 at *1-2 (D. Neb. Sept. 27, 2006).

8

part of Movant's counsel as raised in Ground Two.

**IT IS FURTHER ORDERED** that the presence and participation of Raymundo Aguilar-Sanchez, Inmate # 21135-112, is required for this hearing.

**IT IS FURTHER ORDERED** that the United States Marshal Service shall transport Movant Raymundo Aguilar-Sanchez, Inmate # 21135-112, to this Court, to attend the March 5, 2007 hearing.

**IT IS FURTHER ORDERED** that the Federal Public Defender for this District is appointed to represent Movant in this matter. The Clerk of the Court shall provide Plaintiff's new appointed counsel with copies of any requested documents in the court file at no cost.

**IT IS FURTHER ORDERED** that the Court shall not issue a certificate of appealability as to any of the dismissed claims raised in Movant's § 2255 Motion.


Dated this 16th day of January, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE